# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THADDEUS JONES,

       **Plaintiff,**

       **v.**                                      **CASE NO. 17-3089-SAC**

WICHITA DETENTION CENTER,
et al.,

       **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Sedgwick County Detention Facility in Wichita, Kansas ("SCDF"). Plaintiff filed a Complaint (Doc. 1), alleging the following. On March 6, 2017, Plaintiff returned to his cell after eating breakfast. Plaintiff's cell door was closed and secured. Five minutes later, another inmate walked up to Plaintiff's cell door and Defendant Officer Melendez, after just letting Plaintiff into the cell, let the other prisoner into Plaintiff's cell. Plaintiff alleges that Officer Melendez had just witnessed Plaintiff violently shoving the other prisoner because he had stepped in front of Plaintiff in the breakfast line. After entering Plaintiff's cell, the prisoner assaulted Plaintiff and Plaintiff received injuries, including a laceration requiring sutures, which were photographed and treated. Plaintiff alleges the incident was foreseeable and no reasonable person would let a second prisoner into a single-person cell. Plaintiff alleges that his cell is located in an "aggravated pod" which calls for heightened awareness and security. Plaintiff alleges that the SCDC and Officer Melendez had a duty of care to protect Plaintiff from

foreseeable harm by another inmate. Plaintiff names as defendants: the Wichita Detention Center; Head Sheriff Jeff Easter; and Detention Officer (fnu) Melendez. Plaintiff seeks monetary damages and punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Detention Facility

Plaintiff's Complaint names the Wichita Detention Center as a defendant.  Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under § 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005).  Plaintiff's request for money damages against the facility is subject to dismissal.

### 2. Failure to Protect

"Prison and jail officials, as well as municipal entities that employ them, cannot absolutely guarantee the safety of their prisoners.  Nonetheless, they have a constitutional duty to take reasonable steps to protect the prisoners' safety and bodily integrity."  *Wright v. Collison*, 651 F. App'x 745, 748 (10th Cir. 2016) (unpublished) (quoting *Cox v. Glanz*, 800 F.3d 1231, 1247–48 (10th Cir. 2015)).  Because Plaintiff is a pretrial detainee, his claims are governed by the Due Process Clause rather than the Eighth Amendment.  *Wright*, 651 F. App'x at 748 (citing *Lopez v. LeMaster*, 172 F.3d 756 n.2 (10th Cir. 1999)).  Even so, the Court applies an analysis identical to that applied in Eighth Amendment cases brought under § 1983.  *Id*.

"To establish a cognizable Eighth Amendment claim for failure to protect an inmate from harm by other inmates, the plaintiff must show that he [was] incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component."  *Id*. (citing *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) (brackets and internal quotation marks omitted)).  For the subjective component, "the plaintiff bears the burden to show that the

defendants responded in an 'objectively unreasonable manner'—that is, they 'knew of ways to reduce the harm but knowingly or recklessly declined to act.'" *Id*. (citing *Howard v. Waide*, 534 F.3d 1227, 1239 (10th Cir. 2008) (brackets and internal quotation marks omitted)).

The Court finds that proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of Sedgwick County, Kansas. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

## IV. Motion to Appoint Counsel

Plaintiff filed a motion for appointment of counsel (Doc. 3), alleging that he is indigent, the issues involved in this case are complex, the case will involve credibility issues, and Plaintiff has limited knowledge of the law.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to

investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims against Defendant Wichita Detention Center are **dismissed.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 3) is **denied without prejudice**.

**IT IS FURTHER ORDERED THAT:**

(1)    The clerk of court shall prepare waiver of service forms pursuant to Fed. R. Civ. P. 4(d), to be served upon Defendants at no cost to Plaintiff. The report required herein shall be filed no later than sixty (60) days from the date of this Order, and the answer shall be filed within thirty (30) days following the receipt of that report by counsel for Defendants or the date set forth in the waiver of summons, whichever is later.

(2)  Officials responsible for the operation of the Sedgwick County Detention Center are directed to undertake a review of the subject matter of the Complaint:

> (a)     to ascertain the facts and circumstances;
>
> (b)     to consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint;
>
> (c)     to determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3)  Upon completion of the review, a written report shall be compiled which shall be filed with the Court.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any tapes of the incident underlying Plaintiff's claims shall also be included.

(4)  Authorization is granted to the appropriate officials of Sedgwick County, Kansas, to interview all witnesses having knowledge of the facts including Plaintiff.

(5)  No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report requested herein has been prepared and filed.

(6)  Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Complaint and the report required herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED that** the clerk of court shall enter the County Commissioners of Sedgwick County, Kansas, as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, the Commissioners may move for termination from this action.

Copies of this Order shall be transmitted to Plaintiff, to Defendants, and to the County Attorney and County Commissioners of Sedgwick County, Kansas.

**IT IS SO ORDERED**.

**Dated on this 20th day of October, 2017, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **SAM A. CROW**
> **U. S. Senior District Judge**