IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THADDEUS JONES,                )
                               )
           Plaintiff,          )
                               )
v.                             )   Case No.: 17-3089-EFM-KGG
                               )
JEFF EASTER, *et al.*,         )
                               )
           Defendants.         )
_____)

## MEMORANDUM & ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff's "Reply to Martinez Report and Defendant's Certification of Compliance with the Court's Order" (Doc. 22), which has been docketed as a motion to compel. Having reviewed the submissions of the parties, Plaintiff's motion is **DENIED**.

Plaintiff Thaddeus Jones brings civil rights claims, *pro se*, seeking monetary damages and punitive damages against the named Defendants as a result of injuries he alleges he sustained while being held as a pretrial detainee at the Sedgwick County Detention Facility in Wichita, Kansas ("SCDF"). (*See* Doc. 1.) Plaintiff alleges that when he returned to his cell after breakfast on March 6, 2017, his

> cell door was closed and secured. Five minutes later,
> another inmate walked up to Plaintiff's cell door and
> Defendant Officer Melendez, after just letting Plaintiff
> into the cell, let the other prisoner into Plaintiff's cell.
> Plaintiff alleges that Officer Melendez had just witnessed

1

> Plaintiff violently shoving the other prisoner because he
> had stepped in front of Plaintiff in the breakfast line.
> After entering Plaintiff's cell, the prisoner assaulted
> Plaintiff and Plaintiff received injuries, including a
> laceration requiring sutures, which were photographed
> and treated. Plaintiff alleges the incident was foreseeable
> and no reasonable person would let a second prisoner
> into a single-person cell.  Plaintiff alleges that his cell is
> located in an 'aggravated pod' which calls for heightened
> awareness and security.  Plaintiff alleges that the SCDC
> and Officer Melendez had a duty of care to protect
> Plaintiff from foreseeable harm by another inmate.

(Doc. 5, at 1-2.)

In a prior Order of the District Court, Defendants were instructed to prepare a *Martinez* report ascertaining the facts and circumstances relevant to Plaintiff's claims.  (*Id*., at 6-7.)  That Order indicated that "[c]opies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any tapes of the incident underlying Plaintiff's claims shall also be included." (*Id*., at 7.)  The *Martinez* report was filed on December 18, 2017.  (Doc. 8.)

The Court's Preliminary Scheduling Order was entered on March 27, 2018. (Doc. 17.)  That Order acknowledged Plaintiff's "concerns about the completeness of [the] production" of tapes of the underlying incident.  (*Id*., at 1.)  The Court specifically ordered Defendants to

> produce to the Plaintiff, and file conventionally with the
> Court, all video and/or audio recordings which depict the
> Plaintiff or his jail cell on the date of the alleged incident

2

> between 6:45 and 7:15 A.M. A Certificate of
> Compliance with this order shall be filed which includes
> or attaches a sworn confirmation of compliance. If the
> described tape is unavailable, the confirmation will
> include an explanation. This production shall be
> completed by April 27, 2018.

(*Id*., at 1-2.)

Defendants filed their "Certificate of Compliance with Court Order" on April 27, 2018. (Doc. 21.) The certificate included the following:

> Prior to the preliminary scheduling conference of March
> 27, 2018, Plaintiff received a copy of approximately 13
> minutes of video footage from two separate cameras
> within the Sedgwick County Adult Detention Facility,
> recorded between the times of approximately 6:52 AM
> and 6:58:30 AM on March 6, 2017. Footage reflected:
> A.) the control booth and exterior windows of the pod in
> the first of the videos, and B.) exterior video reflecting
> the hallway areas and staircase of his pod. Plaintiff is
> visible in some of this footage. This video was produced
> in conjunction with Defendants' December 18, 2017[,]
> Martinez report, made both to Plaintiff and the Court.

(Doc. 21, at 1-2.) Defendants then reference the fact that they were ordered to "conduct an investigation into the video recordings" from the facility on the day in question between 6:45 a.m. and 7:15 a.m. (*Id*., at 2.)

As a result of the investigation, Defendants state that the policy of the facility is to maintain video footage for 90 days after its recording. (*Id.*, at 2, 5.) This would mean that the footage should have been maintained, pursuant to policy, until June 4, 2017. Defendants also state that, pursuant to facility policy, "[u]nder

3

the practice of the facility, if an incident was reported . . . , the recordings were reviewed immediately by a supervisor, provided the report of same comes within the 90 days during which video is retained. (*Id*.) They continue that "[i]f an incident is determined to have been captured on video, it is preserved, as are the surrounding minutes of same, in order to capture secondary events and/or related occurrences surrounding the reported time frame." (*Id*.) In other words, if "a supervisor determines there is no wrongdoing, recordings are not retained past the 90 day period." (*Id*., at 5.)

Defendants continue that the 13 minutes of video footage produced to Plaintiff "in conjunction with the Martinez report . . . is all of the video that was preserved, following a review of the available footage." (*Id*., at 2-3.) Defendants attest that "in keeping with the policy" in effect at the facility at the time, "had other video shown Plaintiff or the incidents described by him," such footage "too would have been preserved and produced." (*Id*., at 3.) Defendants continue that "[t]here is no additional footage to provide Plaintiff or the Court at this time," but "no footage was destroyed out of an improper purpose or motive." (*Id*., at 3.) Rather, Defendants contend that any footage destroyed was done "in compliance with then-existing video retention policies in place within the detention facility." (*Id*.)

Regardless of their policy, Defendants had the responsibility to preserve evidence relevant to Plaintiff's claims once on notice of those claims. ***Hermann v. Rain Link, Inc.***, No. 11-1123-RDR, 2013 WL 4028759, at *2 (D. Kan. Aug. 7, 2013). "'This notice may come at hands of differing events, but mostly commonly, a party is deemed to have notice of pending litigation if the party has received a discovery request, a complaint has been filed, or any time a party receives notification that litigation is likely to be commenced.'" *Id*. (quoting ***Oxford House, Inc. v. City of Topeka***, No. 06–4004–RDR, 2007 WL 1246200, at *3 (D.Kan. Apr. 27, 2007)). Video evidence showing that the events in Plaintiff's complaint did **or did not** occur would have been subject to this duty. The failure to preserve this evidence is called "spoliation." ***Hermann v. Rain Link, Inc.***, No. 11-1123-RDR, 2013 WL 4028759, at *2 (D. Kan. Aug. 7, 2013). If there was spoliation of evidence in this case, Plaintiff may be entitled to relief from the Court. The current record does not establish whether spoliation has occurred in relation to the additional, and missing, video footage specified in this Court's previous Order. This determination may be made by the Court, upon proper motion, if evidence is developed in discovery or at trial to support that finding.

A day before the Scheduling Order was entered in this case, Plaintiff filed the present motion in response to the *Martinez* report. (Doc. 22.) Plaintiff argues that Defendants failed to comply with the District Court's Order for a *Martinez*

report by not producing all relevant video recordings and/or not following the stated policies regarding making and preserving such recordings. (*See generally, id*.) Plaintiff also contends that certain relevant witnesses, including himself, were not interviewed for the *Martinez* report. (*Id*., at 6.)

Defendants respond that they complied with the District Court's Order for a *Martinez* report and "conducted an investigation as directed." (Doc. 25, at 2.)

> Summarizing the Certificate of Compliance filed with the Court, counsel determined that the facility reviewed video of an incident on March 6, 2017, preserved footage of an incident in the Pod along with several minutes of video surrounding the event showing Plaintiff and others, and produced that footage to the Court and Plaintiff in December 2017. The records custodian further states that while all footage surrounding an incident is reviewed, it is not preserved beyond 90 days should it fail to record secondary events or related occurrences. The implication here is that the video was reviewed and anything found applicable to these claims was submitted in December 2017. Sworn testimony and facility policies were submitted to substantiate these findings.

(*Id*., at 2-3.) Defendants also contend that they were not required "to interview every potential witness, including Plaintiff, in order to complete" the *Martinez* report. (*Id*., at 4.) Defendants argue that the District Court's Order "does authorize Sedgwick County officials to interview witnesses required to complete the Martinez report, but it does not in any way require them to interview the Plaintiff, or others unnecessary to the completion of same." (*Id*.) Defendants continue that "Plaintiff seems to be under the mistaken impression that Defendants

are required to conduct full discovery and present their entire case in early, preliminary reports to the Court." (*Id.*)

Defendants conclude "that they have timely and fully complied with all Court Orders applicable to this case. Merely because Plaintiff disagrees about the nature of such compliance does not make it so." (*Id.*)

The Court finds that Defendants have complied with the Court's prior Order regarding the relevant video and/or audio recordings which depict the Plaintiff or his jail cell on the date of the alleged incident between 6:45 and 7:15 A.M. (*See* Docs. 17 and 21.) Defendants filed the required Certificate of Compliance, produced the recordings that are stated to exist, and have provided an explanation as to why additional recordings do not exist. (*Id.*) The present "motion" is not related to any specific, outstanding discovery requests served on Defendants. As such, there is nothing further for the Court to compel.

This Order does not, however, prohibit Plaintiff from attempting to determine what happened to, and/or the contents of, any other recordings that may have existed and/or that may have been destroyed. Plaintiff is free to compile additional fact evidence through the discovery process. Further, nothing in this Order shall prohibit Plaintiff from requesting a spoliation instruction from the District Court regarding such recordings at the time of trial of this matter.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 22) is **DENIED** as more fully set forth above.

IT IS SO ORDERED.

Dated this 27th day of August, 2018, at Wichita, Kansas.

 s/ Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE