# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THADDEUS JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 17-3089-EFM-KGG |
| | ) |
| JEFF EASTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION ON PLAINTIFF'S REQUEST FOR SANCTIONS

Now before the Court is Plaintiff's "Motion to Compel Compliance with Court's Previous Order Compelling Discovery and Renewed Request for Sanctions and Clarification" (Doc. 60), filed *pro se*, which this Court previously **GRANTED in part, DENIED in part,** and **took under advisement in part**. (*See* Doc. 65.) The Court incorporates by reference is prior Order and the findings therein.

In that Order, the undersigned Magistrate Judge stated that he was "at a loss to understand why defense counsel, even after explicit guidance from the Court in its previous Order, does not understand the proper way to respond to Interrogatories served on a party." (*Id*., at 18.) This Court found that Defendant's discovery responses were "in blatant disregard" of the Court's initial Order on these discovery issues. (*Id*.) The Court also found that Defendant's tactics were "improper" and that Defendant's "behavior is sanctionable." (*Id*., at 19.) The

1

Court concluded that Defendant "acted in direct contravention of this Court's prior Order relating to the discovery at issue," necessitating sanctions. (*Id*., at 20.)

The Court also found, however, that awarding expenses incurred in making the underlying motion to compel was not an available sanction. Plaintiff, who is representing himself *pro se*, is not entitled to an award of attorney's fees. *Cf.* ***Coffman v. Hutchinson Comm. Coll.***, No. 17-4070-SAC-GEB, 2018 WL 994707, at *4 (D. Kan. Feb. 21, 2018) (holding that "[p]ro se litigants are not attorneys, and are generally not entitled to recover attorney fees for successful litigation."); ***Robertson v. Biby***, No. 17-3068, 2017 WL 6397738, at *2 (10th Cir. Dec. 15, 2017) (noting "a pro se litigant is not eligible for a § 1988 fee award"); ***Turman v. Tuttle***, 711 F.2d 148 (10th Cir. 1983) (finding that an inmate representing himself in a 42 U.S.C. § 1983 action was not entitled to receive attorney fees).

When a party fails to comply with a court's Order to provide or permit discovery, the court may issue "just orders," including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2).

After much consideration, the Court **recommends** that, as an appropriate sanction, the District Court include the following instruction to the jury at trial of this matter:

> Prior to the trial of this matter, the parties engaged in discovery. The discovery process is an opportunity for parties to a lawsuit to request information and documents from each other and to provide evidence for trial. During the discovery process, the Defendants evaded providing proper responses to requests for information from Mr. Jones. The evasive responses continued even after the Defendants were ordered by the Court to provide proper responses and complete information. In deciding this case, you may consider whether this pretrial conduct of the Defendants indicates that the Defendants were trying to hide evidence which would be favorable to Plaintiff.

The Court notes that Defendant appears to have complied with the Court's most recent Order relating to these discovery issues (Doc. 65).

**IT IS THEREFORE RECOMMENDED** that, as a sanction for Defendant's discovery abuses, the above instruction be read to the jury at trial of this matter.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail and to Defendant electronically.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, the parties shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  A failure by the parties to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

IT IS SO RECOMMENDED.

Dated this 21st day of August, 2019, at Wichita, Kansas.

       S/ KENNETH G. GALE
      HON. KENNETH G. GALE
      U.S. MAGISTRATE JUDGE