IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THADDEUS JONES,

*Plaintiff,*

vs.

Case No. 17-CV-3089-EFM

SHERIFF JEFF EASTER, JOSE PAREDES, and RUBEN GUITIERREZ,

*Defendants.*

**MEMORANDUM AND ORDER**

Plaintiff Thaddeus Jones filed suit against Defendants Sheriff Jeff Easter, Jose Paredes, and Ruben Guitierrez alleging a claim under 42 U.S.C. § 1983 for violation of his Eighth Amendment right to be free from cruel and unusual punishment. Defendants have filed a Motion for Summary Judgment (Doc. 92). In addition, there are several other motions before the Court. These include Defendants' Objection to Magistrate Judge Gale's Recommendation on Plaintiff's Request for Sanctions (Docs. 99 and 85), Plaintiff's "Motion to Determine Certification Violations, Spoliation of Evidence, and Renewed Request for Sanctions" (Doc. 114), and Plaintiff's Motion for Settlement Conference (Doc. 117). For the reasons stated in more detail below, the Court grants in part and denies in part Defendants' summary judgment motion,

overrules in part and sustains in part Defendants' objection to Magistrate Judge Gale's recommendation, and denies Plaintiff's two motions.

## I. Factual and Procedural Background

Plaintiff filed suit on May 19, 2017. He filed his Second Amended Complaint on February 6, 2019. In it, he asserts claims under § 1983 for violation of his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment. Plaintiff claims Defendants were negligent or exhibited deliberate indifference by allowing another inmate into his cell and assaulting him. A Pretrial Order was entered in this case on August 28, 2019. The following facts are taken from the Pretrial Order.[1]

On March 6, 2017, Plaintiff was a pretrial detainee in Pod 5 of the Sedgwick County Adult Detention Facility ("SCADF"). Plaintiff was a two-escort security risk and was wearing a "red jumpsuit" based on his conduct. While Plaintiff was in the breakfast chow line waiting for his tray of food, inmate Williams attempted to creep in line in front of Plaintiff. In response, Plaintiff forcibly pushed or shoved Williams so that Plaintiff could be first in line for breakfast.

After this altercation, Williams did not fall to the ground but instead went to the back of the breakfast chow line to receive his food tray. Plaintiff returned to cell number 504 with his breakfast tray because the residents were instructed to eat breakfast that morning in their respective cells. Plaintiff asserts that Williams entered Plaintiff's cell, and an altercation occurred in which Plaintiff bumped his head and sustained a cut to his forehead. Due to the cut on Plaintiff's

---

[1] The Court also considered Plaintiff's Second Amended Complaint, which included his affidavit recounting the events that occurred on March 6, in deciding Defendants' motion for summary judgment.

forehead, he received skin adhesive or glue. He received no further medical treatment after the morning of March 6.

Detention Deputies Jose Paredes and Ruben Guitierrez were staffing Pod 5 on that morning.[2] Paredes distributed food trays, and Guitierrez was in the security booth. Sergeant Fabiola Torres, as Watch Command, investigated the incident and determined that both Plaintiff and Williams were involved in the altercation. Both were assigned 15 days "discipline detention" based upon the video reviewed.[3] Neither Plaintiff or Williams pressed criminal charges against the other based on the events of March 6. Plaintiff alleges that Deputy Guitierrez unlocked his cell door, allowing Williams to enter the cell, but he did not actually see that occur as he was inside his cell.

## II. Analysis

### A. Motions Relating to Sanctions and Discovery Violations (Docs. 85, 99, 114)

The Court will first address the motions relating to sanctions and discovery violations as the determination regarding these motions could impact Defendants' summary judgment motion.

*1. Background as to Discovery Issues, Violations, and Sanctions*

Throughout discovery, there were multiple issues between the parties necessitating Magistrate Judge Gale's involvement. Plaintiff filed several motions to compel discovery and requests for sanctions. In Magistrate Judge Gale's January 31, 2019 Order, he granted Plaintiff's

---

[2] The Court notes that the Pretrial Order's stipulation of this fact references the date of March 7, 2017. *See* Doc. 88 at 2, Stipulation 5. The Court assumes that the parties meant to reference March 6, 2017 because the other facts relate to March 6.

[3] A copy of the video was given to the Court as an exhibit to a *Martinez* report filed on December 18, 2017. This video is not identified as an exhibit for the motions currently at issue.

motion to compel discovery finding that Defendant Easter's stated reason for not timely responding to Plaintiff's discovery requests did not excuse the failure to comply with Fed. R. Civ. P. 33(b).[4] Magistrate Judge Gale also noted that Defendant Easter could have asked for an extension of time yet failed to do so and failed to give any reason for not doing so. Magistrate Judge Gale specifically instructed Defendant to "provide complete and supplemental discovery responses" within 30 days of the order and to "refrain from providing Plaintiff with evasive responses." He declined to impose a sanction.

Plaintiff then filed a Motion to Compel Compliance with the Court's Previous Order and a Renewed Motion for Sanctions and Clarification.[5] Magistrate Judge Gale granted this motion in part, denied in part, and took under advisement in part.[6] Magistrate Judge Gale granted several of Plaintiff's requests specifically finding that Defendant's responses to Plaintiff's interrogatories were "riddled with improper qualifying language" and were in "blatant contravention of the Court's prior order requiring Defendant to provide direct answers that reflect information not only known to him, but to which he has access."[7] With regard to Plaintiff's request for sanctions, Magistrate Judge Gale stated that "[t]he Court is at a loss to understand why defense counsel, even after explicit guidance from the Court in its previous Order, does not understand the proper way to respond to Interrogatories served on a party." Magistrate Judge Gale found that Defendant's responses were in blatant disregard of the Court's prior order and that Defendant's frequent and

---

[4] Doc. 49-1 at 5.

[5] Doc. 60.

[6] Doc. 65.

[7] *Id*. at 12.

improper responses were sanctionable. The Court noted that it could enter a "just order" pursuant to Fed. R. Civ. P 37(b)(2)(i)-(vii) and thus it would take Plaintiff's request for sanctions under advisement while it continued to supervise Defendant's compliance with discovery.[8]

On August 21, 2019, Magistrate Judge Gale entered a Recommendation on Plaintiff's Request for Sanctions.[9] In it, he recommended as an appropriate sanction the following instruction be given at trial:

> Prior to the trial of this matter, the parties engaged in discovery. The discovery process is an opportunity for parties to a lawsuit to request information and documents from each other and to provide evidence for trial. During the discovery process, the Defendants evaded providing proper responses to requests for information from Mr. Jones. The evasive responses continued even after the Defendants were ordered by the Court to provide proper responses and complete information. In deciding this case, you may consider whether this pretrial conduct of the Defendants indicates that the Defendants were trying to hide evidence which would be favorable to Plaintiff.

He also stated in this Order that it appeared as though Defendant had now complied with the discovery requests.

On October 15, 2019, Magistrate Judge Gale entered an Order granting Plaintiff's motion/request for clarification.[10] In this Order, Magistrate Judge Gale incorporated by reference the August 21 Report and Recommendation. Magistrate Judge Gale noted that with regard to the above-referenced adverse inference instruction, the Court had made a mistaken presumption that the case would be tried to a jury. Because the case would not be tried to a jury, and would instead be tried to the District Court, Magistrate Judge Gale recommended that the adverse-inference

---

[8] The Court also noted that Plaintiff could not receive attorney's fees, the standard sanction, because he was pro se.

[9] Doc. 85.

[10] Doc. 97.

instruction be considered by the Court "in its deliberations relating to summary judgment and bench trial, if the case so proceeds."

### 2. *Defendants' Objection*

Defendants have filed an Objection to Magistrate Judge Gale's Recommendation for Sanctions.[11] They object to any conclusion that they engaged in "evasion" or that they were trying to hide any evidence from Plaintiff. They also assert that the adverse inference instruction is improper with regard to Defendants Paredes and Guitierrez because the written discovery was only directed to Defendant Easter. In addition, they argue that Magistrate Judge Gale recognized toward the end of discovery that they fully complied with providing all the information.

The Court conducts a *de novo* review of any portion of a magistrate judge's report and recommendation for which a party specifically objects.[12] "The district judge may accept, reject, or modify the recommended disposition."[13] "The Court must 'consider relevant evidence of record and not merely review the magistrate judge's recommendation.' "[14]

It is within the Court's discretion whether to sanction a party for discovery violations.[15] If a party fails to comply with the Court's discovery order, the Court may issue additional just orders pursuant to Fed. R. Civ. P. 37(b)(2). These sanctions may include such items as "directing that

---

[11] Doc. 99. Defendants also timely filed an Objection (Doc. 89) to Magistrate Judge Gale's previous Recommendation (Doc. 85). Due to that Recommendation later being clarified in Doc. 97, the Court will only consider Defendants' current Objection.

[12] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

[13] Fed. R. Civ. P. 72(b)(3).

[14] *Zander v. Knight Transp. Inc.,* 2015 WL 9216565, at *1 (D. Kan. 2015) (quoting *Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1991)).

[15] *Pipeline Productions, Inc. v. Madison Cos., LLC*, 2019 WL 2011377, at *3 (D. Kan. 2019) (citing *Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005)).

the matters embraced in the order or other designated facts be taken as established for purposes of the action" or "prohibiting the disobedient party from supporting or opposing designated claims or defenses."[16]

Here, it appears that, in part, Magistrate Judge Gale's recommended sanction of an adverse inference instruction was appropriate due to the circumstances underlying discovery. As noted above, there were continual issues with Defendant Easter's responses to discovery necessitating Magistrate Judge Gale's involvement several times. Magistrate Judge Gale set forth in his Order explicit instructions regarding appropriate answers and language. In reviewing Defendant Easter's responses to Plaintiff's interrogatories, there were numerous times that Defendant included improper qualifying language in contravention of Magistrate Judge Gale's previous admonishment (and order) to not include such language. In addition, the interrogatory responses often demonstrate that Defendant failed to answer unambiguous questions and failed to make timely inquiries from other individuals regarding relevant questions. Furthermore, Defendant's contention that he fully complied by the end of discovery does not excuse Defendant's previous non-compliance. Defendant's conduct necessitated unnecessary Court involvement in the process. Specifically, the Court had to supervise and review Defendant's responses several times to determine if Defendant adequately responded to Plaintiff's discovery. Thus, the Court finds that Magistrate Judge Gale's recommended adverse-inference instruction appropriate.

An important distinction, however, must be noted. In the Court's Recommendation regarding a sanction, Magistrate Judge Gale stated that Defendants evaded discovery and that the Court could consider whether Defendants were trying to hide evidence. Plaintiff, however, only

---

[16] Fed. R. Civ. P. 37(b)(2)(i)-(ii).

issued discovery and/or interrogatories to Defendant Sheriff Easter. Plaintiff did not propound discovery to Defendants Paredes and Guittierez.[17] In addition, Magistrate Judge Gale's orders relating to discovery (prior to the sanction order) only references one "defendant," and he specifically notes that the discovery requests were mailed to counsel for Defendant Easter. "To the extent possible the court should impose the sanction on the party or attorney responsible for the sanctionable conduct."[18] Here, it would be inappropriate to sanction Defendants Paredes and Guitierrez for Defendant Easter's evasive responses.[19] Accordingly, the adverse inference instruction is only appropriate with regard to Defendant Easter.

One final note must be made. Upholding the adverse inference instruction as to Defendant Sheriff Easter is largely inconsequential. As will be discussed below, Plaintiff concedes that summary judgment should be granted in favor of Defendant Easter, and he will be dismissed from the case. Thus, the adverse inference instruction does not impact the summary judgment motion and will have no effect at trial.

### 3. *Plaintiff's Motion*

On March 13, 2020, Plaintiff filed a "Motion to Determine Certification Violations, Spoliation of Evidence, and Renewed Request for Sanctions." In this motion, he asserts that Defendants improperly certified discovery responses as truthful and engaged in spoliation of evidence. In addition, Plaintiff requests that the Court consider his motion prior to considering Defendants' Motion for Summary Judgment. Finally, Plaintiff requests that the Court enter a

---

[17] The Court also notes that when discovery began in this case, Plaintiff had not named these two Defendants.

[18] *Starlight Int'l Inc. v. Herlihy*, 190 F.R.D. 587, 593 (D. Kan. 1999) (citing *Mulvaney v. Rivair Flying Serv. Inc.*, 744 F.2d 1438, 1442 (10th Cir. 1984)).

[19] The Court notes, however, that the same counsel represents all Defendants.

default judgment in his favor or award him monetary damages based on Defendants' alleged spoliation of evidence.

Plaintiff's motion is untimely and without merit. As detailed above, discovery in this case necessitated Magistrate Judge Gale's involvement. On August 21, 2019, Magistrate Judge Gale entered his sanction order against Defendants after reviewing Defendant Easter's final responses to Plaintiff's interrogatories. At that time, Plaintiff could have informed the Court that he believed Defendant Easter had still not complied with their discovery obligations. Indeed, Plaintiff knew how to request reconsideration of the order and make his concerns known to the Court because he filed a motion on October 10, 2019 seeking clarification of Magistrate Judge Gale's order.[20] Magistrate Judge Gale issued a clarification on October 15, 2019.

Now, approximately seven months after Magistrate Judge Gale's first sanction order, and approximately five months after Magistrate Judge Gale's clarification order, Plaintiff seeks the Court's review of Defendants' discovery responses to determine if there was spoliation in evidence or certification violations. Discovery was complete August 2, 2019. The Pretrial Order was entered on August 28, and Defendants filed their Motion for Summary Judgment on September 20. Plaintiff's motion regarding any additional or ongoing discovery violations is untimely.

Furthermore, Plaintiff's motion is without merit. Magistrate Judge Gale specifically stated in his August 21 Order that it appeared that Defendant Easter had complied with the Court's most recent discovery order. Thus, Defendant completed its discovery responses and obligations.

---

[20] *See* Doc. 95. In this motion, Plaintiff stated that there was no jury trial scheduled, and it was unclear whether the negative inference instruction could be used at summary judgment time.

Plaintiff's allegations of spoliation of evidence and certification violations are meritless. Accordingly, the Court denies Plaintiff's motion.

### B.  Defendants' Motion for Summary Judgment

#### *1.  Legal Standard*

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[21] The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[22] If the movant carries its initial burden, the nonmovant may not simply rest on its pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[23] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[24] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[25]

---

[21] Fed. R. Civ. P. 56(a).

[22] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 325 (1986)).

[23] *Id*. (citing Fed. R. Civ. P. 56(e)).

[24] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).

[25] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

Finally, Plaintiff is proceeding pro se, and the Court must afford him some leniency in his filings.[26] A pro se litigant, however, is still expected to "follow the same rules of procedure that govern other litigants."[27]

*2. Discussion*

Defendants assert that they are entitled to summary judgment because Plaintiff only asserts a state tort claim for negligence. Defendants, however, re-categorize Plaintiff's claim, and fail to recognize Plaintiff's § 1983 claim based on a constitutional violation. In Plaintiff's Second Amended Complaint, he repeatedly alleges that Defendants' negligence or *deliberate indifference* resulted in a violation of his Eighth Amendment and Fourteenth Amendment right to be free from cruel and unusual punishment because another inmate assaulted him.[28] He claims that Deputies Paredes and Guitierrez were deliberately indifferent to his safety and knew that there was a serious threat to his safety from another inmate because there was a fight in the breakfast chow line. Plaintiff also alleges that Deputy Guitierrez let the other inmate into his locked cell after the altercation.

In the Pretrial Order, Plaintiff alleges that Defendants acted with deliberate indifference to his constitutional rights and violated his Eighth Amendment right to be free from cruel and unusual punishment. In addition, in Plaintiff's response to Defendants' motion, he continues to assert that

---

[26] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

[27] *Id.*

[28] Plaintiff was a pretrial detainee at the time of the assault. Because he was a pretrial detainee, the due process clause of the Fourteenth Amendment governs his claim rather than the Eighth Amendment. *See Wright v. Collison*, 651 F. App'x 745, 748 (10th Cir. 2016) (citing *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999)). Nevertheless, the Court applies "an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." *Id.* (citation omitted).

-11-

Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and states that he did not bring state claims.

Defendants have the initial burden to show the lack of evidence supporting Plaintiff's claim.[29] Defendants' motion fails to address the basic legal premise of Plaintiff's claim and generally fails to demonstrate their entitlement to summary judgment.[30] The Court, however, will briefly address certain contentions in Defendants' motion.

      a.    Sheriff Jeff Easter

Defendants assert that Sheriff Easter is entitled to summary judgment. Defendants address the claim against Sheriff Easter as one against him in his "official capacity." Although Plaintiff alleges in his Second Amended Complaint that Sheriff Easter has the ultimate authority over the SCADF, Plaintiff states that he brings suit against Easter in his *individual* capacity.[31] Thus, it appears that Defendants' argument regarding an official capacity claim misses the mark. Nevertheless, Plaintiff concedes in his response that his claim against Sheriff Easter fails.[32] Accordingly, Sheriff Jeff Easter is entitled to summary judgment in his favor on all claims asserted against him in this action.

---

[29] The Court recognizes that Plaintiff cannot simply rely on conclusory allegations. Defendants, however, also cannot simply state that Plaintiff alleges "negligence" while ignoring Plaintiff's other allegations of "extreme indifference." Furthermore, Defendants fail to adequately address whether Plaintiff lacks factual evidence to demonstrate "extreme indifference."

[30] Defendants need only point out the lack of evidence on an essential element of the claim. *Bristol-Meyers*, 353 F.3d at 851 (citation omitted). Defendants, however, fail to identify the essential elements of Plaintiff's claim.

[31] Doc. 51 at 3 (asserting claim against Easter "in his individual capacity") and 9 (stating that "Defendant Easter is being sued in his individual capacity for $50,000 dollars").

[32] Doc. 102 at 14 ("The plaintiff does not dispute nor contest summary judgment in favor of defendant Jeff Easter 'only[.]' ").

b.  Deputies Paredes and Guitierrez

"Section 1983 provides a federal civil cause of action against state officials for the 'deprivation of any rights, privileges, or immunities secured by the Constitution.' "[33]  A § 1983 claim cannot be based on mere negligence.[34]  Instead, to set forth a cognizable Eighth Amendment claim under § 1983, a plaintiff must establish deliberate indifference.[35]  "The deliberate indifference standard includes both an objective and subjective component."[36]  "The objective component is met only if the condition complained of is 'sufficiently serious.' "[37]  To meet the subjective component, "the plaintiff must prove that the defendant acted with a culpable state of mind."[38]

Defendants fail to provide the Court with case law, legal arguments, or citations to facts that would demonstrate they are entitled to summary judgment on the elements of Plaintiff's § 1983 claim.[39]  Defendants do not elaborate or adequately address whether Plaintiff fails to meet the elements of a § 1983 claim, and thus entitling Defendants to summary judgment on this claim.  Instead, Defendants simply contend that Plaintiff brings a claim for negligence under state law, ignoring the claim actually asserted by Plaintiff.

---

[33] *Becker v. Kroll*, 494 F.3d 904, 913 (10th Cir. 2007) (citing 42 U.S.C. § 1983)).

[34] *Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1163 (10th Cir. 2007) (citation omitted).

[35] *Dixon v. Foreman*, 2020 WL 618589, at *3 (D. Kan. 2020).  As noted above, Plaintiff was a pretrial detainee and is claim is governed by the Fourteenth Amendment, but Eighth Amendment principles are at issue.

[36] *Id.* (quoting *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005)).

[37] *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

[38] *Id.* (citing *Farmer*, 511 U.S. at 834, 837).

[39] Defendants provide the Court with only one citation to § 1983 case law.  Numerous § 1983 and Eighth Amendment cases are readily available.

With regard to Paredes, Defendants simply assert that there is no evidence that he violated any policies or procedures. In contrast, Plaintiff provides the Court with evidence, provided in response to Plaintiff's Request for Admissions, that a contemporaneous decision as to whether Sheriff's employees violated policy or procedures was not made. Thus, there would appear to be a question of fact on this assertion. In addition, the Court is unclear what protocols or regulations were in place because Defendants do not direct the Court to this evidence. Defendants also contend that courts have confirmed the importance of deferring to regulations impeding on an inmate's constitutional rights if the regulations are reasonably related to a legitimate penological interest. Again, the Court cannot defer to a regulation, or even determine if a regulation relates to a legitimate penological interest, if Defendants fail to provide the Court with, or direct the Court to, any evidence of such regulations.

As to Defendant Guitierrez, Defendants briefly state that Plaintiff's allegations of "culpable negligence" is insufficient to demonstrate "deliberate indifference" for a § 1983 claim. Yet, Defendants do not address whether Plaintiff lacks evidence to meet the elements of a § 1983 claim. Indeed, at times, Defendants' citations to the facts are unsupported. As an example, Defendants assert that it is uncontroverted that Guitierrez did not see the altercation between Plaintiff and Williams in the breakfast chow line.[40] The exhibit that Defendants cite to, however, does not include this information. In sum, the Court finds that Defendants fail to meet their burden in establishing their entitlement to summary judgment as to Defendants Paredes and Guittierrez.[41]

---

[40] Doc. 93 at 1. Defendants include this fact in the introduction of their motion, but fail to include this fact in their statement of uncontroverted facts.

[41] The Court also notes that Defendants include additional arguments regarding opinion testimony, causation, and punitive damages. The Court finds most of these arguments irrelevant. However, with regard to Defendants' assertion regarding Plaintiff's inability to obtain punitive damages, Defendants do not identify why or how Plaintiff failed to procedurally or substantively comply with his punitive damages request, and the Court will not do the work

**C.     Motion for Mediation**

Plaintiff also filed a motion seeking the Court to require the parties to attend a mandatory settlement conference. He contends that there has been no settlement conference and the Court should require one. Defendants oppose the motion asserting that it would be futile. They contend that they have attempted to meet with Plaintiff regarding settlement and Plaintiff refuses to convey any initial offer. Plaintiff filed a reply in which he takes issues with Defendants' statements. It does not appear that mediation would be productive between the parties.[42] Thus, the Court denies Plaintiff's motion for a settlement conference.

**IT IS THEREFORE ORDERED** that Defendants Motion for Summary Judgment (Doc. 92) is **GRANTED IN PART** and **DENIED IN PART**. Defendant Sheriff Jeff Easter is granted summary judgment on all claims against him, but claims against Defendants Paredes and Guitierrez remain.

**IT IS FURTHER ORDERED** that Defendants' Objection to Magistrate Judge Gale's Recommendation (Doc. 99) is **OVERRULED IN PART** and **SUSTAINED IN PART**. It is upheld with regard to Defendant Easter, but it is not upheld as to Defendants Paredes and Guitierrez. The Court thus adopts the Report and Recommendation for Sanctions (Docs. 85) but only as to Defendant Easter. The remaining portion of Plaintiff's Motion to Compel (Doc. 60) not previously ruled upon is found moot.

---

for Defendant in an attempt to ascertain their argument. Thus, the Court cannot dismiss Plaintiff's claim for punitive damages.

[42] Magistrate Judge Gale previously stated that based on the confidential settlement reports provided to him that he would not order ADR at the time. *See* Doc. 34.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Determine Certification Violations, Spoliation of Evidence, and Renewed Request for Sanctions" (Doc. 114) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Settlement Conference (Doc. 117) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of May, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE