IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THADDEUS JONES,

*Plaintiff,*

vs.

Case No. 17-CV-3089-EFM

JOSE PAREDES and RUBEN
GUITIERREZ,

*Defendants.*

**MEMORANDUM AND ORDER**

Plaintiff Thaddeus Jones, proceeding pro se, asserts a claim under 42 U.S.C. § 1983 for violation of his Eighth Amendment right to be free from cruel and unusual punishment. The Court recently ruled on several motions. The Court allowed Plaintiff's claim against Defendants Jose Paredes and Ruben Guitierrez to proceed to trial. It is scheduled to begin on August 25, 2020. Plaintiff has filed a Motion for Appointment of Counsel and Clarification of Order and Memorandum (Doc. 124).

The Court first addresses Plaintiff's request for the appointment of counsel. There is no constitutional right to counsel in civil cases.[1] It is within the Court's discretion whether to appoint

---

[1] *Beaudry v. Corr. Corp. of America*, 331 F.3d 1164, 1169 (10th Cir. 2003) (noting there is no constitutional right to appointment of counsel in civil cases).

counsel for parties proceeding in forma pauperis.[2] Four factors are relevant when determining whether to appoint counsel including: (1) the plaintiff's ability to afford counsel, (2) the diligence the plaintiff exerted searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's ability and capacity to present the case without the aid of counsel.[3]

As to the first factor, the Court previously granted Plaintiff leave to proceed in forma pauperis due to the lack of funds in his prison trust fund account. As to the second factor, Plaintiff asserts that he attempted to contact, or contacted, at least four attorneys. Based on this representation, it appears that Plaintiff has been diligent but unsuccessful in searching for counsel. As to the third factor, Plaintiff's claim will proceed to trial. The fact that the claim is proceeding to trial does not mean that Plaintiff will be successful, but it does indicate that Plaintiff's claim is not meritless. Thus, the fourth factor is key.

In looking at the fourth factor regarding Plaintiff's ability to present the case, "the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts."[4] Here, the legal issues are not that complex as Plaintiff brings a straightforward claim. Plaintiff appears to have a good understanding of the issue in his case. Furthermore, Plaintiff has thus far capably represented himself to this Court. He has successfully brought several motions to compel, and he coherently and intelligently defended a motion for summary judgment. Although

---

[2] *See* 28 U.S.C. § 1915(e)(1); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[3] *Davis v. Schmidt*, 2020 WL 1320721, at *1 (D. Kan. 2020) (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992)).

[4] *Id*. at *2 (citing *Castner*, 979 F.2d at 1422).

appointing counsel may assist him "in presenting his strongest possible case, the same could be said in any case."[5]  Thus, the Court denies Plaintiff's request for counsel.

Plaintiff also seeks clarification of this Court's previous Order on Plaintiff's Motion to Determine Certification Violations, Spoliation of Evidence, and Renewed Request for Sanctions. In Plaintiff's previous motion, he argued that Defendants improperly certified discovery responses as truthful and engaged in spoliation of evidence.  This Court found that Plaintiff's motion was untimely and without merit.  Plaintiff asks and requests clarification as to whether the Court made the explicit finding that there was no spoliation of evidence and whether the ruling prohibits the matter from being explored during trial.  The short answer is yes.  As noted previously, Judge Gale found that Defendants ultimately complied with their discovery obligations.  Plaintiff failed to timely bring up any issues with the remaining discovery even though he knew how to do so.  Thus, there is no evidence before the Court demonstrating spoliation of evidence.  In addition, Plaintiff cannot explore or inquire on matters relating to spoliation of evidence at trial.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel and Clarification of Order and Memorandum (Doc. 124) is **DENIED**.

---

[5] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (finding that the district court did not abuse its discretion in denying the appointment to counsel when the legal issues were not complex, and the plaintiff was competent in representing himself).

**IT IS SO ORDERED**.

Dated this 7th day of July, 2020.

                                              ERIC F. MELGREN
                                              UNITED STATES DISTRICT JUDGE