IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THADDEUS JONES,

*Plaintiff,*

vs.

Case No. 17-CV-3089-EFM

JOSE PAREDES and RUBEN GUITIERREZ,

*Defendants.*

**MEMORANDUM AND ORDER**

Plaintiff Thaddeus Jones, proceeding pro se, filed suit against Defendants Sheriff Jeff Easter, Jose Paredes, and Ruben Guitierrez alleging a claim under 42 U.S.C. § 1983 for violation of his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment. Defendant Easter was previously dismissed from the case. The case proceeded against the two remaining Defendants to a bench trial conducted on February 23 and 24, 2021. The Court now makes the following findings of fact and conclusions of law, and for the reasons discussed below, enters judgment in favor of Defendants Paredes and Guitierrez.

## I. Findings of Facts[1]

On March 6, 2017, Plaintiff was a pretrial detainee in Pod 5 of the Sedgwick County Adult Detention Facility ("SCADF"). Defendant Paredes and Guitierrez were on duty that morning and staffing Pod 5. Both Defendants had recently completed eighteen weeks of training, and March 6 was their first shift after completing their training.[2] Paredes was in the pod serving breakfast and distributing food trays. Guitierrez was in the security booth where he could observe the pod and operate the cell doors for the inmates.

Plaintiff shoved inmate Danny Williams in the breakfast chow line.[3] Paredes testified that he was surprised that Plaintiff shoved Williams in front of him. Williams, however, did not appear to escalate the incident and walked away. Paredes believed that the incident between the two inmates ended and that no action by the Detention Deputies was needed. Guitierrez did not observe the incident between Plaintiff and Williams.

Because breakfast was served late that day, Paredes instructed all inmates to get their trays of food and return to their cells. Prior to Plaintiff returning to his cell, he set his food tray down on a table and went in his cell with his drink. He then retrieved his breakfast tray and returned to his cell to eat.

Shortly after Plaintiff entered his cell, inmate Williams also entered it. An altercation occurred, and Williams battered Plaintiff. Plaintiff sustained a cut to his forehead. Plaintiff chased Williams out of his cell, and there were blood splatters on the day room floor from Plaintiff's cuts.

---

[1] Federal Rule of Civil Procedure 52(a)(1) provides that "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately."

[2] Guitierrez performed a double shift, so it was technically his second shift.

[3] Two videos of the incident, from different angles, were introduced as exhibits at trial.

Plaintiff claims that Williams approached his locked cell door, signaled to be let in, and Guitierrez allowed Williams into Plaintiff's cell.[4]  Guitierrez testified that because it was his first day on duty, he did not know the inmates or the cells for which the inmates were assigned.  The SCADF does not have a written policy or requirement that the guard staffing the security booth must verify whether the inmate facially matches the assigned cell for which he seeks admission.  In practice, the guard manning the security booth and operating the inmate cell doors generally allows an inmate inside a cell when he raises his hand to be let in.  However, Guitierrez also testified that he was told if somebody was waiting patiently at a door with his hand up, the officer could assume that it was the inmate's cell.  Guitierrez denies that he allowed Williams into Plaintiff's cell and stated that during mealtime, inmates frequently prop their doors open.  From the video and witness testimony, there is insufficient evidence for the Court to determine whether Guitierrez let Williams into Plaintiff's cell or whether Plaintiff's cell door was propped open.

Due to the cut on Plaintiff's forehead, he received skin adhesive or glue.  He received no further medical treatment after the morning of March 6.

Sergeant Fabiola Torres investigated the incident and determined that both Plaintiff and Williams were involved in the altercation.  Both were assigned 15 days' "discipline detention" based upon the video reviewed.  Neither Plaintiff nor Williams appealed their detention or pressed criminal charges against each other based on the events of March 6.

Plaintiff claims that Paredes' failure to address the altercation in the breakfast chow line violated his Eighth and Fourteenth Amendment rights to be free from cruel and unusual

---

[4] Plaintiff believes that the video of the incident demonstrates this contention.

punishment.[5]  Plaintiff also claims that Guitierrez violated his constitutional rights by allowing inmate Williams into Plaintiff's cell. He claims that Deputies Paredes and Guitierrez were deliberately indifferent to his safety and knew that there was a serious threat to his safety from another inmate.

## II.     Conclusions of Law

**A.     Section 1983 and Eighth Amendment Law**

1.  "Section 1983 provides a federal civil cause of action against state officials for the 'deprivation of any rights, privileges, or immunities secured by the Constitution.' "[6]

2.  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." "Prison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety."[7]

3.  A § 1983 claim cannot be based on mere negligence.[8]  Instead, to set forth a cognizable Eighth Amendment claim under § 1983, a plaintiff must establish deliberate indifference.[9]

---

[5] The Court was confused by this allegation at trial, and specifically asked Plaintiff if his allegation was that Paredes' failure to discipline Plaintiff (because Williams did not escalate or respond to Plaintiff's shove but merely walked away) was violative of Plaintiff's constitutional rights.  Plaintiff's response to the Court's question was unclear.

[6] *Becker v. Kroll*, 494 F.3d 904, 913 (10th Cir. 2007) (citing 42 U.S.C. § 1983)).

[7] *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citation omitted).

[8] *Jones v. Salt Lake Cnty.*, 503 F.3d 1147, 1163 (10th Cir. 2007) (citation omitted).

[9] *Dixon v. Foreman*, 2020 WL 618589, at *3 (D. Kan. 2020) (citing *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005)).  Here, Plaintiff was a pretrial detainee and his claim is governed by the Fourteenth Amendment, but Eighth Amendment principles are at issue.  *See Walker v. Easter,* 2020 WL 708081, at *6 (D. Kan. 2020) (noting that "[t]he Fourteenth Amendment is implicated by [the plaintiff's] potential status as a pretrial detainee during the time in question.") (citation omitted); *see also Frohmader v. Wayne*, 958 F.2d 1024, 1028 (10th Cir. 1992) (noting that under the Fourteenth Amendment, pretrial detainees "are entitled to the same degree of protection regarding medical attention as that afforded convicted inmates under the Eighth Amendment.").

4.   "The deliberate indifference standard includes both an objective and subjective component."[10]

5.   "The objective component of the test is met if the harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause of the Eighth Amendment."[11]

6.   To meet the subjective component, "the plaintiff must prove that the defendant acted with a culpable state of mind."[12]

7.   "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[13]

8.   "An inquiry into conditions of confinement by necessity relies on the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered.  While no single factor controls the outcome of these cases, the length of exposure to the conditions is often of prime importance."[14]  "In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation . . . ."[15]

---

[10] *Dixon*, 2020 WL 618589, at *3 (citing *Martinez*, 430 F.3d at 1304).

[11] *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quotation marks and citations omitted).

[12] *Dixon*, 2020 WL 618589, at *3 (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)).

[13] *Farmer*, 511 U.S. at 847.

[14] *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (citation omitted).

[15] *Id.*

**B.      Plaintiff Cannot Establish an Eighth Amendment Violation Claim**

9. Plaintiff cannot establish the subjective component of the deliberate indifference standard because he cannot show that either Paredes or Guitierrez knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

10. With regard to Defendant Paredes, he was not aware that Plaintiff faced a substantial risk of serious harm. Paredes observed Plaintiff push another inmate, Williams. Paredes testified that the incident surprised him, but Plaintiff and Williams quickly separated, and Paredes saw nothing else out of the ordinary. Indeed, after Plaintiff and Williams quickly separated, they did not speak to each other or otherwise interact again in Paredes' presence. Furthermore, Paredes could not have been aware of a risk of substantial harm to Plaintiff when Paredes observed Plaintiff as the aggressor in the incident. As noted above, the incident quickly ended, and thus the Court finds that Paredes was not aware of substantial risk of harm to Plaintiff and thus did not fail to take reasonable measures to abate any risk of harm to Plaintiff.

11. As for Defendant Guitierrez, the Court did not hear or see evidence to persuade it that Guitierrez witnessed the initial incident between Plaintiff and Williams. Thus, the Court finds that Guitierrez was not aware that Plaintiff faced a substantial risk of serious harm. Accordingly, there were no reasonable measures for Guitierrez to take. Again, as noted above, even if Guitierrez would have witnessed the initial incident, Guitierrez would not have known that Plaintiff faced a substantial risk of serious harm because Plaintiff was the aggressor in the altercation.

12. To the extent that Plaintiff contends Guitierrez disregarded a substantial risk of harm to him and failed to take reasonable measures to abate that harm by failing to verify whether the

inmate matched the assigned cell prior to buzzing Williams into Plaintiff's cell,[16] the SCADF does not have a policy requiring the guard staffing the security booth to verify whether the inmate matches the assigned cell. In practice, the guard manning the security booth and operating the inmate cell doors generally allows an inmate inside his cell when he raises his hand to be let in. Most of the time, the guard manning the security booth will recognize the inmate and his respective cell. In this case, Guitierrez, was on his first shift. In addition, breakfast was running late, and inmates were supposed to return to their cells so that a head count could be performed before the shift change. Guitierrez testified that his main responsibility in operating the security booth was to monitor the other deputy that was in the pod serving breakfast to make sure nothing happened in the pod. For Guitierrez to divert his attention away from the deputy and the pod to check that each inmate entering their cells were the correct inmates would create a condition that could pose a much greater risk for the substantial risk of serious harm.

13. In sum, Plaintiff cannot demonstrate deliberate indifference under the Eighth Amendment because he cannot show that either Paredes or Guitierrez knew that Plaintiff faced a substantial risk of serious harm or disregarded that risk by failing to take reasonable measures to abate it.

**IT IS ACCORDINGLY ORDERED** that the Court finds in favor of Defendants and against Plaintiff. Judgment should be entered in favor of Defendants Paredes and Guitierrez.

---

[16] As noted earlier, the Court concludes that there is insufficient evidence to determine whether Guitierrez allowed Williams into Plaintiff's cell, or whether Plaintiff's cell door was propped open. Thus, the party having the burden of proof as to this fact fails.

**IT IS SO ORDERED**.

Dated this 15th day of March, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE